UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────────

DAQUAN BOWERS,

                                    Plaintiff,                9:17-CV-0789
                                                                (GTS/DJS)

    v.

THE STATE OF NEW YORK DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION;
JOHN DOE(s), Correctional Staff,

                                  Defendants.

─────────────────────────────────────────

APPEARANCES:

DAQUAN BOWERS
14-A-2162
Plaintiff, pro se
Riverview Correctional Facility
P.O. Box 247
Ogdensburg, NY 13669

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

    Pro se plaintiff Daquan Bowers commenced this civil rights action pursuant to 42 U.S.C. § 1983 ("Section 1983") in July 2017.  *See* Dkt. No. 1 ("Compl.").  Plaintiff did not pay the filing fee for this action and sought leave to proceed in forma pauperis.

    Upon review in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, the Court determined that plaintiff's complaint, as presented to this Court, did not allege facts sufficient to plausibly suggest that his rights protected under the Eighth Amendment were violated when he was injured by an unknown assailant in a surprise attack.  Dkt. No. 7 (the

"October Order").¹  As a result, the complaint was dismissed for failure to state a claim upon which relief could be granted.  *Id.* at 5-8.  In light of his pro se status, plaintiff was afforded the opportunity to file an amended complaint.  *Id.* at 8-9.

Plaintiff duly filed an amended complaint which is before this Court for review.  Dkt. No. 11 ("Am. Compl.").²

## II.    DISCUSSION

In his amended complaint, plaintiff sets forth facts regarding the incident which occurred in February 2017 at Great Meadow Correctional Facility ("Great Meadow C.F.").  *See* Am. Compl. at 5-6.  At the time of the attack, plaintiff was in a stairwell leading from B Block Company to the messhall on his way to the noon meal.  *Id.* at 5.  As alleged, officers routinely assigned to the first and second floor stair landings were not at their posts.  *Id.*  While he was in the stairwell, plaintiff was cut from behind and suffered a three inch laceration to the right side of his face.  *Id.*

As in the original complaint, plaintiff states that he does not know the identity of his assailant; significantly, plaintiff does not allege that he had any particular reason to fear for his safety prior to the attack.  *Id.*³  The Court also notes that plaintiff does not disclose where on the three flights of stairs he was when the attack occurred, nor does he claim to have yelled out or attempted in any way to notify staff of his injury.  *Id.* at 5.  Rather, plaintiff states

---

¹ Plaintiff was granted leave to proceed in forma pauperis and without prepayment of the filing fee. October Order at 9.

² Although plaintiff references several documents as exhibits to the amended complaint, no exhibits were received for filing.

³ Plaintiff stated in the original complaint that he did not "know who cut me or know why anyone would want to cut me."  Compl. at 2.

2

that the incident came to light when C.O. Betit (not a defendant) saw the cut on plaintiff's face; by this time plaintiff had exited the stairwell and was walking towards the messhall seemingly unaware of the injury. *Id.* Following the attack, plaintiff stated that he did not "need or want" protective custody. *Id.* at 6. Plaintiff was recommended for involuntary protective custody ("IPC") status the following day. *Id.*[4]

Plaintiff names Great Meadow C.F. Deputy Superintendent of Security Eastman as a defendant in the amended complaint and alleges that he "had actual knowledge of high rates of assault in the corridors and stairwell" leading down from plaintiff's housing unit. Am. Compl. at 7.[5] Plaintiff further alleges that existing policies and procedures at the facility called for correctional staff to be posted in the stairwells during inmate movement. *Id.* at 8. According to plaintiff, he and the other inmates from his housing unit were allowed to proceed into the stairwell on February 3, 2017, notwithstanding the fact that the assigned officers were not at their posts on the landings. *Id.* at 8-10. Plaintiff does not allege that this security lapse had ever occurred before.

Based upon these allegations, plaintiff reasserts his Eighth Amendment "failure to protect" claim arising out of the incident on February 3, 2017; plaintiff also claims that his confinement on IPC status constituted cruel and unusual punishment in violation of his constitutional rights. Am. Compl. at 7-11.[6] In addition to Deputy Supt. of Security Eastman,

---

[4] IPC is a form of administrative rather than disciplinary segregation. *See Thorpe v. Village of Greenwich*, No. 5:13-CV-0902 (GTS/ATB), 2014 WL 788816, at *12 (N.D.N.Y. Feb. 25, 2014). No facts regarding the duration or conditions of this confinement are provided in the amended complaint.

[5] Deputy Supt. of Security Eastman is responsible for the "day to day operation, management and supervision of the security staff and procedures" at Great Meadow C.F. Am. Compl. at 2

[6] As discussed in the October Order, plaintiff's failure to protect claim arises, if at all, under the Eighth and not the Fourteenth Amendment. *See* October Order at 6 n.6.

3

the two corrections officers assigned to escort his housing unit to the noon meal on February 3, 2017 (John Does 2 & 3), the two officers assigned to posts in the stairwell (John Does 4 & 5), Sgt. Reynolds (the supervising officer of plaintiff's housing unit); and the "Captain of Security" (John Doe 1) are named as defendants. *Id.* at 2-4. Plaintiff seeks an award of damages. *Id.* at 12.

Upon review of the amended complaint, and with due regard for plaintiff's status as a pro se litigant, the Court finds that plaintiff has not cured the pleading deficiencies identified in the October Order with regard to his Eighth Amendment "failure to protect" claim. As discussed in the October Order, a plaintiff must show that he was incarcerated under conditions posing a "substantial risk of serious harm," and that the charged prison officials acted with a sufficiently culpable state of mind by being deliberately indifferent to the inmate's health and safety. October Order at 6.

Here, while plaintiff alleges in the amended complaint that inmates were at risk of assault in the corridors and stairwells at Great Meadow C.F. and that Dep. Supt. Eastman had "actual knowledge" of these risks, this allegation is wholly conclusory in nature and is, therefore, insufficient. The law in this Circuit clearly provides that "complaints relying on the civil rights statutes are insufficient unless they contain specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (other citations omitted)); *Pourzandvakil v. Humphry*, 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.) (citation omitted). In addition, the amended complaint affords no basis for liability against supervisory officials such as Dep. Supt. Eastman and Capt. "Doe" who, as alleged, had implemented

4

policies and procedures for stairwell security and are not alleged to have had any knowledge that those procedures would not be followed on February 3, 2017. Plaintiff's conclusory assertion that defendants failed to train their subordinates in these procedures do not suffice. *See, e.g., Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) ("conclusory allegations or legal conclusions masquerading as factual conclusions" are insufficient to allege involvement of a supervisor) (internal quotation omitted).[7]

As discussed in the October Order, it is well-settled that "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety," *Farmer* v. Brennan, 511 U.S. 825, 834 (1994), and deliberate indifference claims based upon surprise attacks are routinely denied by the courts. October Order at 6-7 (citing cases). Here, even assuming that plaintiff's allegations suffice to demonstrate that the alleged absence of assigned officers from the stairwells contributed to a risk of harm faced by plaintiff on this occasion (and the Court makes no such finding), there are no allegations of fact which even suggest that any named defendant possessed "sufficiently culpable intent." Plaintiff alleges, at best, a negligent dereliction of duty by the officers who were either absent from their posts, or who permitted the inmates to proceed into the stairwell and down the stairs. Such a claim is not cognizable under Section 1983.

The Court has also considered whether the allegations of the amended complaint are sufficient to plausibly suggest that plaintiff's Eighth Amendment rights were violated as a

---

[7] As noted, moreover, plaintiff does not allege that this security lapse had ever occurred before.

result of his confinement on IPC status, and concludes that they are not.[8]  The Constitution "does not mandate comfortable prisons." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (citing *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) and *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981)).  Rather, "[o]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298–99 (1991).  Generally speaking, the "normal' or "ordinary" restraints imposed on inmates confined in the special housing unit ("SHU") on restricted status are not unconstitutional.  *See Sostre v. McGinnis*, 442 F.2d 178, 192 (2d Cir. 1971) (en banc) ("It is undisputed on this appeal that segregated confinement does not itself violate the Constitution.").  In this regard, restrictive confinement is not "abnormal" unless it is "totally without penological justification, grossly disproportionate, or involve[s] the unnecessary and wanton infliction of pain." *Smith v. Coughlin*, 748 F.2d 783, 787 (2d Cir. 1984) (internal quotation marks and citations omitted).

Here, while plaintiff complains of having been placed on IPC status after having been attacked by another inmate, he has not alleged facts which even suggest that the conditions of that confinement were in any way "abnormal" or "unusual."  Moreover, any claim by plaintiff that the conditions to which he in particular was subjected differed in unconstitutional aspects from normal SHU confinement is not cognizable in this action because none of the defendants are alleged to have been personally involved in creating those conditions.

---

[8]  It is well-settled that the initial decision to confine an inmate to segregated status does not give rise to a due process claim cognizable under the Fourteenth Amendment.  *See Edmonson v. Coughlin*, 21 F. Supp. 2d 242, 254 (W.D.N.Y. 1988) ("Preparation of an [administration segregation] recommendation is not a basis for § 1983 claim.") (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)).

Based upon the foregoing, plaintiff's Eighth Amendment "failure to protect" and wrongful confinement claims set forth in the amended complaint do not survive the Court's review and are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).[9]

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's amended complaint is **DISMISSED without prejudice** for failure to state a claim in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff by regular mail.

**IT IS SO ORDERED.**

Dated: February 16, 2018
Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[9] Because the amended complaint does not state a claim against the defendants over which this Court has original jurisdiction, any state law claims asserted against them in the amended complaint are dismissed. *See* 28 U.S.C. §§ 1331, 1367.